UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES MAY and JEAN JAMES, individually and on behalf of all others similarly situated | * * * * | |
| Plaintiffs, | * * | CASE NO.   3:20-cv-394-DPJ-FKB |
| versus | * * | |
| ENCOMPASS HEALTH CORP., CAMELLIA HOME HEALTH OF THE GULF COAST, LLC, WEST MISSISSIPPI HOME HEALTH SERVICES, INC., HOME HEALTH CARE SYSTEMS, INC., HOME HEALTH CARE OF BOGLUSA, INC., CAMELLIA HOME HEALTH OF EAST TENNESSEE, LLC and WILFORD A. "ABB" PAYNE, III | * * * * * * * * * | |
| Defendants. | * * | COLLECTIVE ACTION (JURY TRIAL DEMANDED) |

## COMPLAINT – COLLECTIVE ACTION

Plaintiffs James May and Jean James, individually and on behalf of all other similarly

situated current and former employees of Defendants, bring this Collective Action against

Defendants, Encompass Health Corporation, West Mississippi Home Health Services, Inc.,

Camellia Home Health of the Gulf Coast, LLC, Home Health Care Systems, Inc., and Wilford A.

"Abb" Payne, III (hereinafter referred to collectively as "Defendants"), and alleges as follows:

### I.     OVERVIEW

1.      Plaintiffs James May and Jean James (hereinafter referred to as "Plaintiffs") bring

claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* to recover unpaid

overtime compensation under §216(b) of the FLSA.  Plaintiffs bring these claims as a collective

action on behalf of themselves and all current or former "per visit" and "point system"

employees[1] employed by Defendants during the last three (3) years, who were not paid overtime

for all hours worked in excess of forty (40) hours a week as required by § 207(a) of the FLSA

(hereinafter referred to as "Collective Members").

## II.      JURISDICTION AND VENUE

2.      This Court has federal question jurisdiction under 28. U.S.C. §1331 as this case is

brought pursuant to the FLSA, 29 U.S.C. §201, *et seq.*

3.      Venue is proper in this District under 28 U.S.C. §1391(b)(2) as a substantial part

of the events giving rise to the claims at issue in this case occurred in this district.

4.      Plaintiff demands trial by jury on all issues so triable.

## III.      PARTIES

**Plaintiffs**

5.      Plaintiff, James May ("May"), is a major individual domiciled in Simpson

County, Mississippi, who was employed by Defendants from approximately 1991 through March

2019 as a physical therapist providing therapy to Defendants' clients.

6.      May has consented to filing the instant action. (Exhibit "A").

7.      Plaintiff, Jean James ("James"), is a major individual domiciled in Lamar County,

Mississippi, who was employed by Defendants from approximately 2014 through approximately

---

[1] As used in this complaint, "per visit"  and "point system" employees refer to and includes, but is not limited to
physical therapists, physical therapy assistants, occupational therapists, occupational therapy assistants, speech
therapists, social workers, registered nurses, licensed practical nurses, certified nurse assistants, and other job titles
which  were compensated according to a "point system" or "per visit" basis .

June 2018 as an occupational therapy assistant providing occupational therapy to Defendants' clients.

8.      James has consented to filing the instant action. (Exhibit "B").

**Defendants**

9.      Together, Defendants have employed Plaintiffs and those similarly situated as a single enterprise and participated in employment decisions regarding the rights for which Plaintiff and those similarly situated seek redress in this case.

**Encompass Health Corporation**

10.      Defendant Encompass Health Corporation ("Encompass") is a Mississippi corporation with its principal place of business located at 9001 Liberty Parkway, Birmingham, AL 35242, which may be served through its registered agent, CT Corporation System, at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

11.      Encompass provides rehabilitation, home health, and hospice services across the United States.[2]

12.      At all relevant times, Encompass maintained control, oversight, and direction over Plaintiffs and those similarly situated, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

**Camellia Home Health of the Gulf Coast, LLC**

13.      Defendant Camellia Home Health of the Gulf Coast, LLC ("Camellia") is a Mississippi limited liability company with its principal place of business located at 9001 Liberty

---

[2] https://www.encompasshealth.com/ (last visited May 27, 2020).

Parkway, Birmingham, AL 35242, and may be served through its registered agent, CT Corporation System, at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

14.     Camellia is an entity that provided home health and hospice services in Mississippi, Alabama, Louisiana, and Tennessee.

15.     Upon information and belief, Encompass acquired Camellia, including all assets and liabilities, on approximately April 28, 2018.

16.     At all relevant times, Camellia maintained control, oversight, and direction over Plaintiffs and those similarly situated, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

**West Mississippi Home Health Services, Inc.**

17.     Defendant West Mississippi Home Health Services, Inc. ("West Miss. Home Health") is a Mississippi corporation with its principal place of business located at 9001 Liberty Parkway, Birmingham, AL 35242, which may be served through its registered agent, CT Corporation System, at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

18.     Upon information and belief, West Miss. Home Health is an entity through which Camellia conducted business within the state of Mississippi and through which Encompass continues to conduct business within the state of Mississippi.

19.     At all relevant times, West Miss. Home Health maintained control, oversight, and direction over Plaintiffs and those similarly situated, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

**Home Health Care Systems, Inc.**

20.     Defendant Home Health Care Systems, Inc. is a Mississippi corporation with its principal place of business located at 9001 Liberty Parkway, Birmingham, AL 35242, which may be served through its registered agent, CT Corporation System, at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

21.     Upon information and belief, Home Health Care Systems, Inc.  is an entity through which Camellia conducted business within the state of Mississippi and through which Encompass continues to conduct business within the State of Mississippi.

22.     Upon information and belief, Encompass acquired Home Health Care Systems, Inc., including all assets and liabilities, on approximately April 28, 2018.

23.     At all relevant times, Home Health Care Systems, Inc. maintained control, oversight, and direction over Plaintiffs and those similarly situated, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

**Home Health Care of Bogalusa, Inc.**

24.     Home Health Care of Bogalusa, Inc. is a Delaware corporation with its principal place of business located at 9001 Liberty Parkway, Birmingham, AL 35242, which may be served through its registered agent, CT Corporation System, at 1209 Orange Street, Wilmington, DE 19801.

25.     Upon information and belief, Home Health Care of Bogalusa, Inc. is an entity through which Camellia conducted business within the state of Louisiana and through which Encompass continues to conduct business within the State of Louisiana.

26.     Upon information and belief, Encompass acquired Home Health Care of Bogalusa, Inc., including all assets and liabilities, on approximately April 28, 2018.

27.     At all relevant times, Home Health Care of Bogalusa, Inc. maintained control, oversight, and direction over Plaintiffs and those similarly situated, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

**Camellia Home Health of East Tennessee, LLC**

28.     Camellia Home Health of East Tennessee, LLC is a Delaware corporation with its principal place of business located at 9001 Liberty Parkway, Birmingham, AL 35242, which may be served through its registered agent, CT Corporation System, at 1209 Orange Street, Wilmington, DE 19801.

29.     Upon information and belief, Camellia Home Health of East Tennessee, LLC is an entity through which Camellia conducted business within the state of Tennessee and through which Encompass continues to conduct business within the State of Tennessee.

30.     Upon information and belief, Encompass acquired Camellia Home Health of East Tennessee, LLC, including all assets and liabilities, on approximately April 28, 2018.

31.     At all relevant times, Camellia Home Health of East Tennessee, LLC maintained control, oversight, and direction over Plaintiffs and those similarly situated, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

32.     All references *infra* to Camellia shall refer collectively to Camellia Home Health of the Gulf Coast, LLC, Home Health Care Systems, Inc., West Mississippi Home Health Services, Inc., Home Health Care of Bogalusa, Inc., and Camellia Home Health of East Tennessee, LLC.

6

**Wilford A. "Abb" Payne, III**

33.     Defendant Wilford A. "Abb" Payne, III (hereinafter referred to as "Payne") is a major individual domiciled at 11 Spyglass Hill, Hattiesburg, MS 39402. He may be served at that address or wherever he may be found.

34.     Defendant Payne was the owner and operator of Camellia.

35.     At all relevant times, Defendant Payne was actively involved in managing the operations of Camellia.

36.     At all relevant times, Defendant Payne had control over Camellia's pay policies and the unlawful policies and practices alleged herein.

37.     Defendant Payne had authority over personnel and payroll decisions at Camellia.

38.     Defendant Payne had the authority to stop any illegal pay practices that harmed Plaintiffs and similarly situated employees.

39.     Defendant Payne had the authority to enter into contracts on behalf of Camellia.

40.     Defendant Payne had the power to transfer the assets and liabilities of Camellia.

41.     Defendant Payne had the power to declare bankruptcy on behalf of Camellia.

42.     Defendant Payne had the power to close, shut down, and/or sell Camellia.

## IV.     COLLECTIVE ACTION DEFINITION

43. The Collective of similarly situated employees sought to be certified under 29 U.S.C. §216(b) as a collective action is defined as:

> All current and former employees of Encompass Health Corporation, West Mississippi Home Health Services, Inc., Camellia Home Health of the Gulf Coast, LLC, Home Health Care Systems, Inc., and Wilford A. "Abb" Payne, III, who were paid on a "per visit" or "point system" basis, and who were not paid overtime wages for all hours worked over

forty (40) in a workweek within the last three (3) years.

## V.     COVERAGE UNDER THE FLSA

44.     At all times hereinafter mentioned, Defendants are and have been an employer within the meaning of 29 U.S.C. §203(d).

45.     At all times hereinafter mentioned, Defendants are and have been an enterprise within the meaning of 29 U.S.C. §203(r).

46.     At all pertinent times, Defendants have been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1).

47.     Upon information and belief, Defendants have had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

48.     At all times hereinafter mentioned, Plaintiffs, and all those similarly situated, were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207.

## VI.    FACTS

49.     Plaintiffs and the Collective Members were employed by Defendants on a "per visit" or "point system" basis and provided home health and therapy services to Defendants' clients.

50.     Plaintiffs' hours varied from week to week during their employment with Defendants, but they regularly worked more than forty (40) hours in a workweek.

51.     Upon information and belief, the Collective Members were also regularly scheduled to and did work more than forty (40) hours in a workweek.

52.     Camellia classified Plaintiffs and the Collective Members as "per visit" employees and paid them a set amount per patient visit, regardless of the number of hours worked per week. Defendant did not pay an overtime premium for all hours worked over forty (40) in a workweek.

53.     After acquiring Camellia, Encompass continued to classify employees like James, as "per visit" employees, but purported to pay employees like May, who could be eligible for the learned professional exemption, as "salaried employees."

54.     However, upon information and belief, all of Encompass' home health employees were compensated according to a "point system" based on the number of visits conducted.

55.     According to the "point system," employees would be credited with one (1) point per visit for a regular patient visit, two (2) points per visit for new patient admit visits, and one and one half (1.5) points per visit for evaluations of previously admitted patients.

56.     Encompass did not pay overtime to any of its employees who were paid according to its point system.

57.     May was not paid a "guaranteed minimum" salary regardless of the amount of time worked or amount of work performed. May's employment contract with Encompass required him to complete six (6) points per day. If May had not completed six (6) points during any workday, his contract required that he would have been required to use hours from his accrued paid days off to cover the time that the missing points would have accounted for.

58.     May received additional "productivity" compensation for points he performed in excess of the required six (6) per day.

59.     Additionally, Encompass' employee manual allows for paid days off to be taken in fractions of a day.

60.     Encompass' "point system" did not constitute payment on a salaried basis for those employees, like May, who potentially could have been eligible for the professional exemption. Accordingly, Encompass was required to pay these individuals overtime.

61.     Plaintiffs are aware of other current and former employees of Defendants who were subject to the same payroll practice.

## VII.    VIOLATION OF THE FAIR LABOR STANDARDS ACT

62.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

63.     Neither Plaintiffs nor the Collective Members were compensated in accordance with the FLSA because they were not paid overtime wages for all hours worked, in excess of forty (40) hours in a workweek for all weeks worked.

64.     Pursuant to the FLSA, 29 U.S.C. §207, employers are generally required to pay overtime compensation at an hourly rate of 150% of an employee's regular rate of pay for hours worked over forty (40) in a workweek.

65.     Defendants have violated, and are violating, the provisions of Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying its "per visit" and "point system" employees, like Plaintiffs and the Collective Members, overtime.

66.     Defendants have violated, and are violating, the FLSA by not paying overtime to Plaintiffs, like James, and other non-exempt employees[3], regardless of how they are compensated.

67.     Defendants have violated, and are violating, the FLSA by not paying overtime to Plaintiffs, like May, because they are not truly "salaried employees" according to the learned professional exemption under Section 13(a)(1) of the FLSA.

68.     Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the Collective Members overtime compensation for all hours worked over forty (40) by failing to pay in the past three (3) years.

69.     Additionally, Camellia was put on notice by the U.S. Department of Labor no later than January 10, 2018 that its "per visit" compensation scheme did not meet the salary/fee basis test for exemption for professional employees under the FLSA.

70.     According to the Department of Labor Compliance Action Report, Camellia assured the Department of Labor that its entities would revise their payment scheme as to professional employees to become compliant with the FLSA.

71.     However, upon information and belief, Camellia did not revise its "per visit" payment scheme at any time before the date it was acquired by Encompass.

## VIII.   COLLECTIVE ACTION ALLEGATIONS

72.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

---

[3] Defendants non-exempt employees include, but are not limited to, occupational therapy assistants, like James, physical therapy assistants, licensed practical nurses, certified nurse assistants, and other similarly situated employees.

73.     Defendants' practice and policy of not paying overtime affects Plaintiffs and the Collective Members and is a willful violation of the FLSA.

74.     The Collective Members are victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiffs in terms of job duties, pay and employment practices.

75.     Defendants' failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiffs and the Collective Members are similarly situated employees.

76.     The specific job titles or precise job requirements of the Collective Members does not prevent collective treatment.  All employees, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek at the overtime rate. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

77.     The precise size and the identity of the Collective should be ascertainable from the business records, payroll and/or employee or personnel records of Defendants.

## VIII.   JOINT EMPLOYER ALLEGATIONS

78.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

79.     At all times pertinent hereto, specifically including the Collective period, Defendant Payne was an owner, manager and/or executive officer of Camellia.

80.     Defendant Payne exercised supervisory and managerial responsibilities and substantial control over the terms and conditions of Plaintiffs and the Collective Members' and Class Members' work including, but not limited to, assigning work, hiring and firing employees.

81.     Further, Defendant Payne is or was solely and jointly responsible for the administration of the business affairs of Camellia and exercised complete control over the work situation and conditions of its employees.

82.     Defendant Payne is jointly and solely responsible for the payroll practices of Camellia including, but not limited to, the payroll practices complained of herein.

83.     Defendant Payne was vested with authority to, and actually acted directly or indirectly for, and had operational control over Camellia's business activities including managerial responsibilities for all aspects of operations and its employees.

84.     Accordingly, Defendant Payne is an "employer" under the FLSA and, as such, is jointly and severally liable for damages for his failure to comply with the FLSA including all damages claimed herein.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiffs, individually and on behalf of all others similarly situated, prays for judgment in their favor and against Defendants as follows:

1.    For an Order recognizing this proceeding as a collective action under §216(b) of the FLSA and ordering notice to the Collective Members at the earliest opportunity to ensure Collective Members' claims are not lost to the FLSA statute of limitations;

2.    For an Order finding Defendants liable for unpaid back wages due to Plaintiff and the Collective Members and for liquidated damages equal in amount to the unpaid compensation;

3.    For an award of costs of this action as provided under the FLSA;

4.    For an award of attorneys' fees as provided under the FLSA;

5.    For an award of pre- and post-judgment interest;

6.    For any and all other and further relief as may be necessary and appropriate;

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully Submitted 6/8/2020:

/s/ Joel Dillard

Joel Dillard
JOEL F. DILLARD, P.A.
775 N. Congress Street
Jackson, MS 39202
Telephone: (601) 487-7369
joel@joeldillard.com
MS Bar No. 104202

-and-

Scott E. Brady*
Philip Bohrer*
Amanda E. McGowen*
BOHRER BRADY, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, LA 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000
scott@bohrerbrady.com
phil@bohrerbrady.com
amcgowen@bohrerbrady.com
*to be admitted pro hac vice


*Counsel for Plaintiff and Putative Collective*